



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER MCFADDEN MISSIMER<br>&<br>KATHY MCPEAKE<br><br>　　　　Plaintiffs<br><br>　　vs.<br><br>GLOBAL CREDIT & COLLECTION<br>CORPORATION<br><br>　　　　Defendant | **11　2905**<br>Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>**FILED**<br>MAY -2 2011<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Jennifer McFadden Missimer & Kathy McPeake, by and through their undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

## I.　　INTRODUCTORY STATEMENT

1.　　Plaintiffs, Jennifer McFadden Missimer & Kathy McPeake, are adult natural persons and bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

1 orig
mailed
5/2/11

## II.    JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this district is proper in that Plaintiffs reside here.

## III.    PARTIES

4.      Plaintiff, Jennifer McFadden Missimer, is an adult natural person residing at 7319 West Chester Pike, Upper Darby, PA 19082.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Plaintiff, Kathy McPeake, is an adult natural person residing at 3933 Township Line Road, Collegeville, PA 19426.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

6.      Defendant, Global Credit and Collection Corporation, at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania, with a principal place of business located at 300 International Drive, Suite 100, Williamsville, NY 14221.

7.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

7.      Starting on or about March 21, 2011, Defendant regularly engages Plaintiffs in a series of harassing, misleading and unwarranted phone calls for an alleged debt owed by Plaintiff, Jennifer McFadden Missimer to Capital One.

8.      Plaintiff, Jennifer McFadden Missimer and several of her siblings have received numerous phone calls and voicemails from "Jason Diaz," an agent of Defendant.

9.      A sister of Plaintiff, Jennifer McFadden Missimer has received over twenty (20) phone calls from Defendant.

10.     On or about March 21, 2011 Plaintiff, Kathy McPeake received the first of several voicemails from "Jason Diaz" that specifically stated the message was "strictly intended for Jennifer McFadden."

11.     In the voicemail, "Jason Diaz" asks for Plaintiff, Jennifer McFadden Missimer to return the call to "1-877-339-1002, ext 6704," otherwise, he threatens, "If I do not hear back from you, I may be forced to make a decision without your input and recommend for further necessary steps to be taken."

12.     Upon receipt of this voicemail, Plaintiff, Kathy McPeake returned a call to Defendant at the number and extension left on her voicemail.

13.     Plaintiff, Kathy McPeake spoke with an agent of Defendant and explained that Plaintiff, Jennifer McFadden Missimer cannot be reached at the cell phone number where Defendant attempted to contact her, and politely asked for Defendant to stop calling her.

14.     Despite speaking with an agent of Defendant about the voicemail and asking for their contact to cease, Plaintiff, Kathy McPeake received two additional voicemails in the following days.

15.     The second voicemail is again left by "Jason Diaz" who states that since he has not heard from Plaintiff, Jennifer McFadden Missimer, "due to the fact, we are actually preparing to escalate this matter against you."

16.     Defendant's third voicemail contains "Jason Diaz" threatening Plaintiff, Jennifer McFadden Missimer by giving her "24 hours to contact my office before we sign off and submit the documentation in your name, to begin the proceedings against you."

17.     Concurrent to the voicemails left for Plaintiff, Kathy McPeake, Defendant's agent "Jason Diaz" also left routine voicemails for Plaintiff, Jennifer McFadden Missimer that contained very much the same threats.

18.     Plaintiff, Jennifer McFadden Missimer also received a voicemail where "Jason Diaz" threatened to "move forward with the proceedings against you" if she did not return the call within 24 hours.

19.     In a second voicemail left for Plaintiff, Jennifer McFadden Missimer on the voicemail of her cellular phone, "Jason Diaz" once again threatens that "further necessary steps" would be taken against Plaintiff, Jennifer McFadden Missimer, if he could not obtain her input.

20.     On a third voicemail, "Jason Diaz" warns Plaintiff, Jennifer McFadden Missimer that due to the fact that he has not heard from her, "we have prepared ourselves to escalate this matter."

21.     In every voicemail left by "Jason Diaz", Plaintiff, Jennifer McFadden Missimer is threatened with legal action that Defendant is incapable of initiating.

22.     Defendant is not a licensed to practice law; therefore, it has no authority to allude to impending legal action against Plaintiff, Jennifer McFadden Missimer.

23.     To date, Plaintiff has not been served with a civil complaint in any venue for any outstanding debt.

24.     Defendant, by and through "Jason Diaz," intentionally badgered Plaintiff, Jennifer McFadden Missimer's family members in an effort to coerce the debt from Plaintiff, Jennifer McFadden Missimer by leaving private and personal information on the voicemail of uninvolved third parties.

25.     Defendant, by and through "Jason Diaz" made the conscious decision to ignore Plaintiff, Kathy McPeake's insistence that Plaintiff, Jennifer McFadden Missimer could not be reached by calling her cell phone, and placed a minimum of two more phone calls where revealing and threatening voicemails were left.

26.     All threats made to Plaintiff, Jennifer McFadden Missimer and her family members are still within thirty days of the receipt of Defendant's initial dunning letter, and as such, Plaintiff, Jennifer McFadden Missimer is not properly allotted the time outlined under federal law to dispute the validity of the alleged debt.

27.     Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

28.     Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

29.     At all times pertinent hereto, Defendant were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

30.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

31.     Plaintiffs have suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

32.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiffs suffer and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

33.     Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT 1 – FDCPA

34.     The above paragraphs are hereby incorporated herein by reference.

35.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

36.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692b(2):    Contact of Third Party:  Stated that the consumer owes any debt

§ 1692b(3):   Contact of Third Party:  Contacted a person more than once, unless requested to do so

§ 1692c(a)(1): At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer

§ 1692d:   Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(5):   Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692e:   Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(2):   Character, amount, or legal status of the alleged debt

§ 1692e(5):   Threaten to take any action that cannot legally be taken or that is not intended to be taken

§ 1692e(10):  Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and against Global Credit & Collection Corporation for the following:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. §1692k;

c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.      Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

37.      Plaintiffs repeat, re-allege and incorporates by reference the foregoing paragraphs.

38.      The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

39.      The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

40.      The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

41.      The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

42.      Violations of the FDCPA are per se violations of the FCEUA and the UTPCPL.

43.      As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

44.     By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.      Actual damages;

b.      Treble damages;

c.      An award of reasonable attorneys fees and expenses and costs of court; and

d.      Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III

## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

45.     The foregoing paragraphs are incorporated herein by reference.

46.     Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

47.     The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

48.     The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a.      Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.      Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.      Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

49.     As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

50.     By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.      An Order declaring that Defendant violated the UTPCPL;

b.      Actual damages;

c.      Treble damages;

d.      An award of reasonable attorney's fees and expenses and cost of suit; and

e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

V.    **JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  April 28, 2011          BY: */s/  Bruce K. Warren BKW4066*
                               Bruce K. Warren, Esquire
                               BY: */s/  Brent F. Vullings BFV8435*
                               Brent F. Vullings, Esquire

                               Warren & Vullings, LLP
                               93 Old York Road, Suite 33
                               Jenkintown, PA 19046
                               215-745-9800   Fax 215-745-7880
                               Attorney for Plaintiff

JS 44

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jennifer McFadden Missimer and Kathy McPeake

**DEFENDANTS**
Global Credit & Collection Corporation

**(b)** County of Residence of First Listed Plaintiff   Delaware Co., PA

County of Residence of First Listed Defendant   Erie Co., NY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number, and Email Address)
Warren & Vullings, LLP, 93 Old York Road, Suite 333
Jenkintown, PA 19046   215-745-9800

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 830 Patent ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |
| | | **IMMIGRATION** | | |
| | | ☐ 462 Naturalization Application | | |
| | | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

Additional labor items: ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act

Additional forfeiture items: ☐ 630 Liquor Laws ☐ 640 R.R. & Truck ☐ 650 Airline Regs. ☐ 660 Occupational Safety/Health ☐ 690 Other

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Debt Collection Practices Act 15 U.S.C. 1692
Brief description of cause:
Violation of FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S)
(See instructions):   JUDGE                     DOCKET NUMBER

MAY 2 2011

Explanation:

DATE
04/28/2011

SIGNATURE OF ATTORNEY OF RECORD
/s/ Brent F. Vullings, Esq.

bv@w-vlaw.com

APPENDIX F

UNITED STATES DISTRICT COURT 11 2905

FOR THE EASTERN DISTRICT OF PENNSYLVANIA DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar

Address of Plaintiff: Jennifer McFadden Missimer, 7319 West Chester Pk, Upper Darby, PA 19082 and Kathy McPeake, 3933 Township Line Rd, Collegeville, PA 19426

Address of Defendant: Global Credit & Collection Corporation, 300 International Drive, Suite 100, Williamsville, NY 14221

Place of Accident Incident or Transaction Delaware Co., PA

*(Use Reverse Side for additional space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed. R.Civ.P.7.1(a)) ___ Yes ☐ No ☒

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE IF ANY:*

Case Number _____ Judge _____ Date Terminated _____

(Civil cases are deemed related when yes is answered to any of the following questions)

1. Is this case related d to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or in any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☒

CIVIL. (Place X in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Fair Debt Collection Practices Act

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please Specify)
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases
    (Please Specify)

ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Brent F. Vullings, Esq. _____ Counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53 2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

DATE: 04/28/2011 ____ /s/ Brent F. Vullings BFV8435 ____ 92344
                        Attorney-at-Law                    Attorney ID.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this Court except as noted above.                                                                                    MAY 2 2011

DATE: 04/28/2011 ____ /s/ Brent F. Vullings BFV8435 ____ 92344
                        Attorney-at-Law                    Attorney ID #

CIV.609 (4/03)

APPENDIX I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Jennifer McFadden MIssimer and Kathy McPeake

v.

Global Credit & Collection Corporation

CIVIL ACTION

**11 ˙ 2905**

NO.

In accordance with the Civil Justice Expense and. Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on tie plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus - Cases brought under 28 U.S.C. §2241 through §2255.      ( )

(b) Social Security- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits      ( )

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from
    exposure to asbestos.      ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)      ( )

(f) Standard Management - Cases that do not fall into any one of the other tracks.      (x)

| 04/28/2011 | /s/ Brent F. Vullings BFV8435 | _Plaintiff_ |
|---|---|---|
| Date | **Attorney-at-law** | **Attorney for** |

| 215-745-9800 | 215-745-7880 | bv@w-vlaw.com |
|---|---|---|
| Telephone | FAX Number | E -Mail Address |

MAY   2 2011

(Civ. 660) 10/02